IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL ZANE LITTLELIGHT,<br><br>Defendant. | CR 20-19-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 66.)

On December 19, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 13 months imprisonment with no supervised release to follow. It is also recommended that this sentence run concurrent with the revocation sentence imposed by the Montana Thirteenth Judicial District Court in *State v. Littlelight*, No. DC-19-1262 (Mont. Dist. Ct. Nov. 28, 2023).

I.   **Background**

In 2020, Defendant pled guilty to the offense of prohibited person in possession of a firearm. (Doc. 21.) On October 7, 2020, the Court sentenced him

1

to 33 months imprisonment, to be followed by 36 months supervised release. (Doc. 34.)

Defendant began serving his term of supervised release on March 14, 2022. On June 30, 2022, Defendant's supervised release was revoked for (1) failure to notify probation officer of change of living situation, (2) consumption of alcohol, (3) failure to report to probation officer as instructed, (4) failure to follow instructions of probation officer, and (5) failure to participate in substance abuse treatment. He was sentenced to time served (47 days), followed by 34 months supervised release. (Doc. 47.)

Defendant began his second period of supervised release on July 1, 2022. On October 18, 2022, Defendant's supervised release was revoked for failure to participate in substance abuse treatment. He was sentenced to 10 months incarceration, followed by 24 months supervised release. (Doc. 58.)

Defendant began his third period of supervised release on May 26, 2023. On June 21, 2023, the United States Probation Office filed the petition now at issue. (Doc. 61.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 62.)

The petition alleges that Defendant violated two conditions of supervised release. (Doc. 61.) It is alleged that Defendant violated the Special Condition that he abstain from the consumption of alcohol, when he admitted to consuming

2

alcohol on May 29, 2023. It is also alleged that Defendant violated the Mandatory Condition that he not commit another federal, state, or local crime, when he was charged with driving under the influence ("DUI") on June 5, 2023; when he was charged with DUI on June 6, 2023; and when he was charged with felony criminal mischief and obstructing a peace officer on June 7, 2023.

Defendant subsequently pled guilty to the two DUI charges. He also pled guilty to obstructing a peace officer, and to a reduced charge of criminal mischief, a misdemeanor. He received a sentence of six (6) months custody on those charges, to run concurrently.

Defendant's supervision with the State of Montana for a prior offense of assault with a weapon (felony) was also revoked based on the same conduct. After credit for time served and "street credit," he was sentenced to the Montana Department of Corrections for eight (8) years, one hundred thirteen (113) days, with four (4) years, one hundred thirteen (113) days suspended. *See* Order of Revocation and Imposition of Sentence at 2, *State v. Littlelight*, No. DC-19-1262, https://perma.cc/KMR3-MYSM (Mont. Dist. Ct. Nov. 28, 2023).

On November 30, 2023, the undersigned ordered the issuance of a writ of habeas corpus directing the Yellowstone County Sheriff and United States Marshal to produce Defendant. (Doc. 64.) On December 5, 2023, Defendant made an initial appearance. (Doc. 67.) Defendant, represented by counsel, stated that he

had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for December 19, 2023. (Doc. 71.) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (Doc. 67.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Gillian E. Gosch. Colin Rubich represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is V, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 7–13 months incarceration. Defendant could also be sentenced to as much as 24 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

///

Counsel for the United States requested a "high-end Guideline" sentence with no supervised release to follow. Defendant's counsel requested a "higher Guideline sentence" with no supervised release to follow. Defendant's counsel further requested that Defendant be placed at FCI Sheridan, where Defendant was previously incarcerated for continuity in programming.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 13 months imprisonment with no supervised release to follow. The Court should order that the sentence run concurrent to the revocation sentence imposed in *State v. Littlelight*, No. DC-19-1262 (Mont. Dist. Ct. Nov. 28, 2023). No circumstances warrant a departure from the guideline range.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the former, Defendant's conduct is very serious. Defendant was released from custody on May 26, 2023. Within three days, he violated the terms of his supervised release by consuming alcohol. Within 10 days, he received his first criminal charge for DUI. The following day, he received his next criminal charge—another DUI. The day following that, Defendant received two more

5

charges: felony criminal mischief and obstructing a peace officer. All offenses occurred within two weeks from the commencement of his supervision, and all present serious risks to the community.

With respect to Defendant's history and characteristics, he is 28 years old and has attained a criminal history category of V. This is his third revocation petition; the first revocation petition was filed within six weeks of the commencement of his term of supervision, and the second was filed ten days after beginning his period of supervision. Defendant has clearly demonstrated his inability or complete unwillingness to abide by any conditions of supervised release.

The undersigned has considered the need to afford adequate deterrence to criminal conduct. A sentence at the high end of the revocation guideline range is necessary to deter future criminal conduct by Defendant and to protect the public from further criminal activity.

The undersigned has also considered the need for education, training, or correctional treatment. But Defendant has demonstrated that he is not amenable to any correctional treatment, and the United States Probation Office has exhausted available resources without success. Further, Defendant will be subject to continued supervision by the State of Montana under the 8-year, 113-day sentence imposed in *State v. Littlelight*, No. DC-19-1262 (Mont. Dist. Ct. Nov. 28, 2023),

and the undersigned agrees with the parties that duplicate supervision would not serve any useful purpose.

Finally, the Court must determine whether Defendant's sentence should run concurrent with, or consecutive to, his state sentences. Defendant has been sentenced for his underlying criminal conduct by the State of Montana. He has also had his supervision revoked by the State based on the same conduct for which his supervision is being revoked here. Accordingly, the undersigned recommends that Defendant's sentence run concurrent with the revocation sentence imposed in Cause No. DC-19-1262 in state district court.

Pursuant to the Sentencing Reform Act of 1984, and after considering the above factors, the undersigned finds that a custodial sentence is appropriate and a sentence within the revocation guidelines is warranted. Given the nature of the violations, a sentence of 13 months custody, with no supervised release to follow, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also

reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the Special Condition that he abstain from the consumption of alcohol when he admitted to consuming alcohol on May 29, 2023.

2. Defendant violated the Mandatory Condition that he not commit another federal, state, or local crime when he was charged with DUI on June 5, 2023; when he was charged with DUI on June 6, 2023; and when he was charged with felony criminal mischief (later reduced to misdemeanor criminal mischief) and obstructing a peace officer on June 7, 2023.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 13 months imprisonment, with no supervised release to follow.

2. The Court should order that Defendant's sentence run concurrent with the sentence imposed by the state of Montana District Court in *State v. Littlelight*, No. DC-19-1262 (Mont. Dist. Ct. Nov. 28, 2023).

3. The Court should recommend Defendant's placement at FCI Sheridan.

/ / /

8

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 20th day of December, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge